**HERTZ EQUIPMENT RENTAL CORPORATION, Hertz International, Ltd., Hertz System, Inc., Hertz Commercial Leasing Corporation, and the Hertz Corporation, all corporations, Plaintiffs,**

v.

**HERTZ EQUIPMENT INTERNATIONAL, INCORPORATED, a corporation, and Isadore Marks, an individual, Defendants.**

Civ. A. No. 67-782-Civ.

United States District Court
S. D. Florida.

Oct. 30, 1967.

W. Thomas Hofstetter, Helen W. Nies, and Woodson, Pattishall & McAuliffe, Chicago, Ill., Larsh B. Mewhinney, New York City, Barry G. Seidel, of Dixon, DeJarnette, Bradford, Williams, McKay & Kimbrell, Miami, Fla., for plaintiffs.

Robert C. Hertz, Miami, Fla., for defendants.

Isadore Marks, pro se.

### FINAL SUMMARY DECREE

FULTON, Chief Judge.

This cause having come on for hearing on plaintiffs' Motion for Summary Judgment, and the Court having examined the pleadings, depositions, exhibits and affidavit on file, and being fully advised in the premises herein, it is hereby ORDERED, ADJUDGED and DECREED that:

1. This Court has jurisdiction over the subject matter and parties hereto.

**1020**

2. The Complaint and Summons were duly served upon defendants on August 2, 1967, by service on Isadore Marks both individually and in his capacity as Vice President of the corporate defendant, Hertz Equipment International, Incorporated.

3. On or about August 22, 1967, "Answers" were filed by both defendants, but said "Answers" neither admit nor deny the averments of the Complaint and wholly fail to comply with Rule 8 of the Federal Rules of Civil Procedure.

4. The "Answer" ostensibly filed by the corporate defendants' attorney and President, Robert C. Hertz, is, with the exception of the first two sentences, completely false and the signature appearing thereon is "an out-and-out forgery".

5. Plaintiffs and their related companies have continuously used the name and federally registered mark HERTZ throughout the United States, including the State of Florida, for the business of renting, leasing and selling vehicles, machinery and equipment and for plaintiffs' goods and services.

6. Plaintiffs' name and mark HERTZ has acquired, since long prior to the use of HERTZ by defendants, and now has a secondary meaning and distinctiveness signifying plaintiffs and plaintiffs' goods, services and businesses.

7. Defendant Isadore Marks is responsible for the formation of defendant, Hertz Equipment International, Incorporated, and defendant Marks personally directs and controls the acts of the corporate defendant.

8. Defendant Hertz Equipment International, Incorporated, was formed for the sole purpose of harassing plaintiffs, and all advertising and use of the name and mark HERTZ by defendants has been directed to that end.

9. Defendants' use of the name and mark HERTZ is likely to cause confusion, mistake or deception in that it is likely to cause purchasers and others to assume that defendants are in some way connected with plaintiffs.

10. Robert C. Hertz is President of the corporate defendant "in name only" and was appointed President by defendant Isadore Marks solely for the purpose of justifying defendants' adoption of the name and mark HERTZ.

11. Plaintiffs' discovery depositions of Robert C. Hertz and defendant Isadore Marks on September 7, 1967, have been transcribed and, together with the exhibits marked and identified therein, have been offered and received in evidence.

12. The pleadings and depositions on file, together with the affidavit of plaintiffs' Vice President and Secretary, show that there is no genuine issue as to any material fact.

13. Defendants' advertising and use of the name and mark HERTZ has been and is without plaintiffs' permission or consent.

14. Defendants' name and mark HERTZ is a colorable imitation of plaintiffs' name and mark and infringes plaintiffs' rights under the laws of the United States (15 U.S.C. § 1127), and under the common law.

15. Defendants' use of the name and mark HERTZ constitutes unfair competition with plaintiffs.

16. Plaintiffs are entitled to a summary judgment against defendants pursuant to Rule 56 of the Federal Rules of Civil Procedure.

17. Defendants, both jointly and severally, the officers, agents, servants, employees, and attorneys, and all others holding by, through or under either defendant, or in active concert or participation with either defendant, shall be and hereby are enjoined and restrained from:

(a) using the name or mark HERTZ, or any colorable imitation of plaintiffs' name or mark HERTZ, on or in connection with the advertising, sale or rental of equipment or machinery; and,

(b) doing any act or thing calculated to, or likely to, induce the belief that defendants' business, their goods or services, are in any way connected with plaintiffs' business, their goods or services.

18. Defendant Isadore Marks and the officers and attorneys of the corporate defendant shall, within ten (10) days

from the entry of this Decree, effectuate a dissolution of, or change of name in, the corporate title of the corporate defendant so as to delete therefrom the name HERTZ, and defendants shall deliver up to plaintiffs for destruction any prints, signs, letterheads, decalcomania, and any and all other advertising or promotional materials bearing the name or mark HERTZ.

19. Defendant Isadore Marks and the officers and attorneys of the corporate defendant shall, within ten (10) days from the entry of this Decree, obliterate any and all HERTZ signs located at the corporate defendants' place of business.

20. In the absence of any sales by the corporate defendant, an accounting of profits and damages will not be awarded to plaintiffs, but defendants shall reimburse plaintiffs for reasonable attorneys' fees in the amount of $5,000.00 necessarily incurred by plaintiffs as a result of defendants' willful unfair competition, the reasonableness of said attorneys' fees having been established by the affidavits submitted by plaintiffs.

21. Defendants, both jointly and severally, shall pay to plaintiffs the taxable costs incurred herein.